SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

---

CHARLES NIXON,

                Plaintiff,

      - against -

RADISSON HOTELS & RESORTS INC.,
NEW ROCHELLE HOTEL ASSOCIATES INC.,
COLBY BROCK, PETER BROCK,
BROCK ENTERPRISES, INC.
and JOHN and JANE DOE, who may be partners in
New Rochelle Hotel Associates whose names are un-
known to the plaintiff at this time.,

                Defendant(s).

**SUMMONS**

Index No.: 07-2733

**RECEIVED**

FEB 15 2007,

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

---

To the above-named defendant(s):

    **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney, at his address stated below, an answer to the attached complaint.

    If this summons was personally served upon you in the State of New York, the answer must be served within twenty days after such service of the summons, excluding the date of service. If the summons was not personally delivered to you within the State of New York, the answer must be served within thirty days after service of the summons is complete as provided by law.

    If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment may be entered against you, by default for the relief demanded in the complaint, without further notice to you.

    The action will be heard in the Supreme Court of the State of New York, in and for the County

of Westchester. This action is brought in the County of Westchester because it is: the County of plaintiff's residence, 354 Columbus Avenue, Harrison, New York and the County where the incidents complained of occurred.

Dated: _February 15_, 2007

                                            Charles Nixon, Pro Se

                                            354 Columbus Avenue
                                            Harrison, NY 10607

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
_____

CHARLES NIXON,

                Plaintiff,

    - against -                     **COMPLAINT**

COLBY BROCK, PETER BROCK,
RADISSON HOTELS & RESORTS, NEW ROCHELLE    Index No.: 07-2737
HOTEL ASSOCIATES, INC. and BROCK ENTERPRISES,
INC., and JOHN and JANE DOE, who may be partners in    **RECEIVED**
New Rochelle Hotel Associates whose names are unknown
to the plaintiff at this time.,

                Defendants.           FEB 15 2007,

                                              TIMOTHY C. IDONI
                                              COUNTY CLERK
_____        COUNTY OF WESTCHESTER

**CHARLES NIXON**, plaintiff, pro se, as and for [his] complaint against defendants Colby Brock, Peter Brock, Radisson Hotels and Resorts, New Rochelle Hotel Associates, Inc., Brock Enterprises, Inc., and " John and Jane Doe ", herein (collectively, the "defendants"), allege as follows:

    1. Plaintiff, Charles Nixon, ( "Nixon "), is a male residing in Harrison, New York, County of Westchester and State of New York.

    2. Upon information and belief, at all times hereinafter mentioned, defendant Colby Brock is a principal and/or employee, and/or general manager, or manager, of New Rochelle Hotel Associates which operates the Radisson Hotel at 1 Radisson Plaza in the City of New Rochelle, County of Westchester and State of New York, and more particularly the " night club " contained therein, and vested with full decision making authority as to any and all actions taken on behalf of New Rochelle Hotel Associates, Inc.

3. Upon information and belief, at all times hereinafter mentioned, defendant Peter Brock, is an owner, stock holder, is a principal and/or employee of New Rochelle Hotel Associates, Inc., and vested with full decision making authority as to any and all actions taken on behalf of New Rochelle Hotel Associates, Inc., Radisson Resorts and Hotels and Brock Enterprises, Inc., and John and Jane Doe, collectively referred to as the " defendants".

4. Upon information and belief, at all times hereinafter mentioned, defendant Radisson Hotels and Resorts, Inc. ( " Radisson ") is a domestic corporation organized and existing under the laws of Nebraska, with a principal place of business at 11340 Blondo Street, Omaha, Nebraska 68164. Upon further information and belief, Radisson Hotels and Resorts is the franchise whom New Rochelle Hotel Associates, Inc. is affiliated in its operation of the " Hotel " complex at 1 Radisson Plaza, City of New Rochelle, County of Westchester, and State of New York.

5. Upon information and belief, at all times hereinafter mentioned, defendant New Rochelle Hotel Associates, Inc. ( " New Rochelle Hotel ") is a domestic corporation organized and existing under the laws of the State of New York, with a principal place of business at 1 Radisson Plaza, New Rochelle, New York 10801. Upon further information and belief, New Rochelle Hotel Associates, Inc. owns and operates the " Hotel " at 1 Radisson Plaza, New Rochelle, New York, and more particularly, a bar, restaurant and night club located within the complex.

6. Upon information and belief, at all times hereinafter mentioned, defendant Brock Enterprises, Inc. ( " Brock Enterprises " ) is a domestic corporation organized and existing under the laws of the State of New York, with a principal place of business at 1 Radisson Plaza, City of New Rochelle, County of Westchester and State of New York. Upon further information and belief, Brock Enterprises either owns the real property on which the " Hotel " is situate and lying,

or is in other ways interested in said " Hotel ", inter alia.

7. Upon information and belief, at all times hereinafter mentioned, defendant(s) John and Jane Doe are proper parties to this action, whose names are unknown to the plaintiff at this time, these parties are affiliated with and/or owners, or principals in New Rochelle Hotel Associates, Inc. or Brock Enterprises, Inc.

8. Upon information and belief, at all times pertinent hereto, the corporate defendants have been employers engaged in an industry affecting interstate commerce with fifty (50) or more employees for each working day in each twenty of more calendar weeks in any given year; accordingly, the corporate defendants meet the definition of " employer " under all applicable statutes.

9. All of the below referenced actions and conduct were taken by the individual defendants in the course and scope of their employment with and for the defendant corporations.

10. This complaint arises out of conduct on behalf of defendants principal and management level employees whereby the plaintiff was, among other things, subjected to sexual harassment, subjected to sexual misconduct, subjected to illegal, unauthorized, unwanted sexual contact, obscenity, promotion of obscenity and sexual excitement, a hostile work environment, retaliation, inter alia, which constitute unlawful and discriminatory practices, acts, and actions based on sex, inter alia, and complaints of discrimination., among other things.

11. The defendants actions caused plaintiff to suffer severe emotional distress, humiliation, lost wages and benefits, physical and mental illness, among other things, in violation of, among other things, the New York State Executive Law, Human Rights Law, The United States Code, The Civil Rights Act of 1964 as amended, 42 U.S.C. section 2000(e) et seq. ( " Title VII "), The plaintiffs Constitutional Rights, New York Code Rules and Regulations, New York's Labor Law,

and other applicable laws, inter alia, and entitles plaintiff to awards of, inter alia, compensatory damages, lost wages and benefits, punitive damages, attorney fees.

## RELEVANT FACTUAL BACKGROUND

12. Nixon was hired to work at the Radisson Hotel as a bartender in or about November, 2003.

13. Nixon reported to Colby Brock the nightclub manager and/or principal.

## VIOLATION(S) OF NEW YORK LABOR LAW

14. Nixon was paid a salary, however, the common business practices and acts, and actions, of the defendants in, among other things, re-appropriating said salaries for a host of reasons, among other things. Instead, caused Nixon to work solely for tips received from customers. In this regard, on slow shifts plaintiff was not allowed to leave early, inter alia, and, thus was forced to work entire nights without pay, actions akin to slavery.

## SEXUAL HARASSMENT/ SEXUAL MISCONDUCT/OBSCENITY
## PROMOTING OBSCENITY/UNWANTED & ILLEGAL SEXUAL CONTACT
## SEXUAL EXCITEMENT AND HOSTILE WORK ENVIRONMENT

15. From the time the plaintiff commenced employment at the Radisson Hotel he was subjected to an offensive hostile work environment. For instance, on numerous occasions Colby Brock would throw foreign objects, including, but not limited to, " Beer Bottles " at the bartenders while she was in fits of rage and alcohol and drug induced rants. In addition, Colby Brock, on a daily basis, inappropriately grabbed Nixon and various other waiters and bartenders, ( all of whom are male) from behind, rubbed their shoulders, rubbed their genitals, and made sexist remarks to them, or about them, in their presence.

16. In addition, Colby Brock made offensive, sexist and inappropriate comments to Nixon, including, but not limited to: (a) " how is your cock feeling today?", and (b) " are you sore from having sex last night?".

17. Colby Brock has also stated to a former male employer, while both were standing in front of the bar at the Radisson Hotel, that Nixon was a " boy toy ", was " sleeping with numerous women, including Colby Brock", and was a liar.

18. On other occasions Colby Brock insinuated that Nixon had acted in pornographic movies, and asked if Nixon knew whether or not porn actresses " really had orgasms " because she could never tell.

19. In addition thereto, on numerous occasions Colby Brock would approach the plaintiff and other employees and without warning, inflict bite wounds, i.e., " biting ".

20. On a Saturday night, sometime between September 2, 2004 and November 1, 2004, Colby Brock drugged the plaintiff, Nixon, by depositing an illegal drug in the plaintiff's drink. Then after the plaintiff was rendered unconscious from the effects of these drugs, with the assistance of her then boyfriend and others carried and placed the plaintiff [unconscious] on a food preparation table in the kitchen. ( A remote location without public access ).

21. While the plaintiff was unconscious, Colby Brock, disrobed and/or caused the plaintiff to be disrobed. While lying there naked, " Brock " then held, fondled and touched the plaintiff's genitals, and promoted others to do the same. In addition thereto, " Brock " caused her then boyfriend to hold the plaintiff's penis and genitals in his hand while she photographed the occurrence from a camera within her cellular telephone. When these and other sexual offenses were completed Colby Brock left the plaintiff unconscious and naked on the table in the kitchen area, where plaintiff was found by the staff the next morning.

22. When the plaintiff awoke in such a state he was unsure as to what transpired. He was informed of the occurrence by others who had seen the acts and spoken with Colby Brock who portrayed this as a joke. Shortly thereafter, " Colby Brock " lost her cellular telephone while at work and the photos came into possession of the plaintiff.

## DISCRIMINATION BASED ON SEX

23. In addition to all the foregoing, including, sexual misconduct, unwelcomed touching and comments, plaintiff was discriminated against on the basis of his gender, and treated differently in the terms and conditions of employment than his female counter-parts.

24. For instance, on nights that they worked, the female employees at the nightclub were sometimes entitled to dinner. However, similarly situated male employees were not permitted to order dinner.

25. In fact, once, Nixon, ordered mozzarella sticks, and Colby Brock told another male employee not to put the order in that only her and her girlfriends were allowed to order food.

26. Upon information and belief, no similarly situated female employees at the nightclub were subjected to these acts and actions.

27. The defendant " Colby Brock " frequently ordered/directed the plaintiff [employee] to re-fill empty premium " top shelf " liquor bottles such as Grey Goose, Absolute and Belvedere, with lower cost Smirnoff liquor, and insisted that plaintiff keep this information to himself.

28. Colby Brock has a long history of sexually harassing male subordinates, inter alia. In the past Colby Brock has committed similar acts as complained of herein, specifically, but not limited to, demanding sexual acts from present and past employees and customers, among other things. This activity was open and notorious. Ms. Brock has bragged of her previous sexual

misconduct.

29. Peter Brock, as well as, the corporate defendants and their management staff knew or should have known of all of this.

30. The unlawful practices complained of above were and are in malicious and reckless disregard of Nixon's civil rights under federal, state and local law.

## CLAIMS FOR RELIEF

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### TITLE VII

31. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

32. By the acts alleged herein, the defendants have violated Nixon's rights under Title VII.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### NYSHRL

33. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

34. By the acts alleged herein, defendants have violated Nixon's rights under the Executive Law of the State of New York, Human Rights Law and Title VII.

35. Defendants acts and actions caused plaintiff to suffer severe emotional distress, mental and physical injuries, humiliation, and lost wages and benefits, among other things, in violation of New York State Executive Law, Human Rights Law, Title VII., inter alia.

36. By way of the foregoing, plaintiff is entitled to an award of compensatory damages, lost wages and benefits, punitive damages in an amount to be determined by a jury, but in no event

less than 50 million dollars, as well as all other relief that the Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
## VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW

37. Plaintiff, repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

38. The aforementioned conduct of defendants was taken without just cause and reasonable cause, inter alia, and constitutes, unlawful and otherwise improper conduct, sexual misconduct, unwanted touching, obscenity, promotion of obscenity, unlawful discriminatory practices relating to plaintiffs' employment in that he was subjected to a hostile work environment, sexual harassment, sexual misconduct, misconduct, obscenity, promotion of obscenity, sexual excitement, etc. and discriminated against on the basis of his gender, retaliated against, among other things.

39. Defendants acts and actions, etc., caused plaintiff to suffer severe emotional distress, physical and mental injuries, humiliation, and lost wages and benefits, among other things, in violation of the New York State Executive Law, Human Rights Law, Section 290 et seq., and other statutes and laws both federal and state.

40. By way of the foregoing, plaintiff is entitled to an award of compensatory damage, lost wages and benefits, and punitive damages in an amount to be determined by a jury, but in no event less than 50 million dollars, as well as all other relief that the Court deems just and appropriate.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF NEW YORK CODE RULES AND REGULATIONS, THE UNITED STATES CODE AND THE PLAINTIFF'S CONSTITUTIONAL RIGHTS

41. Plaintiff repeats, reiterates and reallege each and every allegation set forth above with the same force and effect as more fully set forth herein.

42. The aforementioned acts and actions of the defendants were taken without just and reasonable cause and constitute unlawful conduct, improper, negligent, and otherwise improper conduct relating to plaintiff and the acts and allegations complained of herein.

43. These acts and actions, are unlawful, unwanted, improper and in violation of New York Code Rules and Regulations, United States Code and the plaintiff's constitutional rights, among other things.

44. By way of the foregoing, plaintiff is entitled to an award of compensatory damages, lost wages and benefits, and punitive damages, in an amount to be determined by a jury, but in no event less than 50 million dollars, as well as all other relief that the Court deems just and appropriate.

### AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF VIOLATION OF THE NEW YORK STATE LABOR LAW

45. Plaintiff repeats, reiterate and reallege each and every allegation set forth above with the same force and effect as more fully set forth herein.

46. By willfully forcing plaintiff to work without either a salary or without paying him any wages, other than customer tips, plaintiff has been underpaid in violation of section 652(4) of the Minimum Wage Act.

47. Therefore, in accordance with section 663(1) of the Minimum Wage Act, plaintiff is entitled

to an award consisting of any such underpayments, together with costs and such reasonable attorney's fees as may be allowed by the Court, and an additional amount liquidated damages equal to twenty-five percent of the total of such underpayments found to be due him.

### AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
### UNLAWFUL IMPRISONMENT

48. Plaintiff repeats, reiterates and reallege each and every allegation set forth above with the same force and effect as more fully set forth herein.

49. Defendants intentionally, maliciously, wrongfully and falsely imprisoned and detained Nixon in the Kitchen against his will and without justification or grounds therefore.

50. The imprisonment was caused by the defendants without any warrant or other legal process, and without authority of law.

51. That the aforesaid imprisonment was forced upon Nixon wholly against his will and without consent.

52. Defendants acted with the intention of imprisoning, confining and detaining Nixon.

53. That the imprisonment, confinement and/or detention was unlawful and not otherwise privileged.

54. That by reason of the imprisonment and detention of Nixon, he was caused to suffer severe emotional distress, great indignities, humiliation and ridicule, physical and mental injuries, and in being so detained, suffered great injury to his credit and circumstances, and was then and there prevented and hindered from transacting necessary affairs and business, and was caused to suffer much in both mind and body.

55. That as a result of the foregoing, Nixon, is entitled to an award of compensatory damages,

lost wages and benefits, attorneys' fees and punitive damages, in an amount to be determined by a jury, but in no event less than 50 million dollars, as well as all other relief that the Court deems just and appropriate.

### AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
### BATTERY

56. Plaintiff repeats, reiterates and reallege each and every allegation set forth above with the same force and effect as more fully set forth herein.

57. By reason of the foregoing, plaintiff sustained very serious, personal and, upon information and belief, permanent and protracted injuries, suffered great physical pain, mental anguish, psychological trauma and humiliation; was rendered sick, sore, lame and

### AS AND FOR AN EIGHTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
### SLANDER/DEFAMATION

58. Plaintiff repeats, reiterate and reallege each and every allegation set forth above with the same force and effect as more fully set forth herein.

59. On numerous occasions, after the incidents complained of herein, Colby Brock, maliciously told " hotel " employees, among others, that Nixon " was no good ", " a scum bag ", that Nixon should " blow her ", etc.

60. That the words so spoken were false and defamatory, were known to the defendants to be false and defamatory, and were spoken willfully and maliciously with the intent to damage plaintiff's good name, reputation and credit.

61. That by reason of the words so spoken by the defendants, plaintiff has been injured in his good name and reputation and has suffered great pain and mental anguish and has been held up

to ridicule and contempt by his friends, acquaintances and the public, all to his damage in a sum to be determined by a jury, and is entitled to punitive damages.

62. The above actions constitutes slander per se.

63. As a result of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional amounts of all lower courts which would otherwise have jurisdiction and he is entitled to punitive damages in an amount to be determined by a jury.

### AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF BREACH OF CONTRACT, FRAUD, CONVERSION AND ACCOUNTING

64. Plaintiff repeats, reiterates and reallege each and every allegation set forth above with the same force and effect as more fully set forth herein.

65. That during the tenure of his employment, Nixon acted in the capacity of waiter and/or bartender for defendants, " nightclub/restaurant " providing service to its patrons in general, including but not limited to those patrons who held private parties/affairs at the premises. Many of those patrons paid their bills via the use of credit cards as opposed to cash.

66. On all of those patrons' credit card slips/invoices, was a category designated for tip/gratuity, which the patrons completed - intending for that amount of money to be paid by defendants directly to Nixon, as and for compensation for his services rendered above and beyond the food and beverages bill from the defendants.

67. The defendants knew or should have known that it was the intent of these patrons to pay the amount of money that they designated on their credit card slip/invoice as and for a tip/gratuity to go directly to Nixon above and beyond the food and beverages bill from the defendants.

68. Moreover, at the time that Nixon was hired by the defendants, they represented to him that

his compensation would be based solely upon the tips/gratuities that he received from patrons and that they would correctly, accurately and immediately tender to Nixon the amount of money that patrons had designated as a tip/gratuity on their credit card slip/invoices to him.

69. However, rather than comply fully with the above referenced representation, the defendants would on many occasions, retain part of, if not the entire money that a patron had designated as a tip/gratuity for Nixon's services, as and for themselves, as opposed to giving it to Nixon thereby converting said funds.

70. At the time the defendants made the above referenced representations to Nixon, they knew they were false and that said representations were made to induce Nixon to commence employment with and for the defendants.

71. Nixon relied upon the above referenced representations made by the defendants to his detriment.

72. Despite due demand for an accounting, Nixon to this day does not know how much the full amount of the tips/gratuities that the defendants received and retained despite the fact that pursuant to the above referenced agreement, as well as the patrons intent that the full amount of the tip/gratuity to be paid to/go directly to Nixon.

73. Nixon has no adequate remedy at law.

74. That as a result of the above, plaintiff prays for an order directing the defendants to render to plaintiff a full and just accounting of all tips/gratuities realized by the defendants for his services, directing defendants to hold as a constructive trust for and on behalf of plaintiff any sums due to him as determined by the accounting, directing defendants to pay to plaintiff any balance due to him with interest, and for punitive damages by reason of defendants egregious conduct and fraudulent representation, in an amount to be determined by a jury.

## AS AND FOR A TENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
## PRIMA FACIE TORT

75. Plaintiff repeats, reiterate and reallege each and every allegation set forth above with the same force and effect as more fully set forth herein.

76. Defendants, by their intentional conduct and for the purpose of causing severe mental distress, recklessly conducted themselves in a manner including, but not limited to, assaulting, battering, beating, abusing, detaining, stealing, unwanted improper sexual acts and actions, obscene acts and actions, promoted obscene acts and actions, stole from and terrorized the plaintiff.

77. The aforesaid conduct of the defendants was so outrageous, improper, illegal and otherwise improper and shocking that it exceeded all reasonable bounds of decency and legality tolerated by the average member of the community.

78. The defendants intentionally caused plaintiff to suffer severe emotional distress and severe physical and psychological injuries and damages as set forth above, and said defendants acted, through their conduct, with reckless and utter disregard for the consequences that might have followed.

79. Defendants actions were intentional, willful and malicious giving rise to a basis for the imposition of punitive damages.

80. That as a result of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional amounts of all lower courts which would otherwise have jurisdiction and he is entitled to punitive damages in an amount to be determined by a jury.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION BY PLAINTIFF
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

81. Plaintiff repeats, reiterate and reallege each and every allegation set forth above with the same force and effect as more fully set forth herein.

82. Defendants, by their intentional conduct and for the purpose of causing severe emotional distress, recklessly conducted themselves in a manner including, but not limited to, assaulting, battering, abusing, obscene acts and actions, promoted obscene acts and actions, misconduct, sexual misconduct, sexually harassed and terrorized plaintiff.

83. The aforesaid conduct by defendants was so outrageous and shocking that it exceeded all reasonable and legal bounds of decency tolerated by the average member of the community.

84. The defendants intentionally caused plaintiff to suffer severe emotional distress and severe physical and psychological injuries and damages as set forth above, and said defendants acted, through their conduct, with reckless and utter disregard for the consequences that might have followed.

85. Defendants actions were intentional, willful and malicious giving rise to a basis for the imposition of punitive damages.

86. That as a result of the foregoing, plaintiff has been damaged in a sum that exceeds the jurisdictional amounts of all lower courts which would otherwise have jurisdiction and he is entitled to punitive damages in an amount to be determined by a jury.